**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff-Appellee,<br><br>  v.<br><br>CARLOS U. LOBO,<br><br>          Defendant-Appellant. | No.   17-50044<br><br>D.C. No. 3:08-cr-04127-WQH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted January 16, 2018[**]

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Carlos U. Lobo appeals from the district court's judgment and challenges the

12-month consecutive sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lobo contends that the district court procedurally erred by failing to explain

adequately why it rejected his mitigating arguments.  The district court did not

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

plainly err.  *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).  The record reflects that the district court considered Lobo's mitigating arguments, but concluded that a consecutive sentence was warranted in light of the need to sanction Lobo's breach of the district court's trust and Lobo's history and characteristics.  This explanation was sufficient.  *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).  Moreover, Lobo has not shown a reasonable probability that the sentence would have been different if the district court had provided further explanation.  *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**